

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 24, 1949

Hon. Lloyd Croslin
District Attorney
Lubbock, Texas

Opinion No. V-913

Re: The eligibility for
"resident" registra-
tion fees at Texas
Technological College
of a 19 year old na-
tive of Oklahoma who
now lives in Lubbock
with his wife and

Dear Sir:                           child.

        Reference is made to your recent request which
reads in part as follows:

        "It is undisputed that Jerry L. Shelby
    is a male person, 19 years of age, married,
    the father of one child and living in Lub-
    bock, Texas with his wife and child. Jerry
    Shelby moved to Lubbock, Texas with his wife
    in May, 1948, for the purpose of making Lub-
    bock, Texas his home, and with no intention
    of entering Texas Technological College at
    that time.  He has lived in Lubbock, Texas
    with his wife since May 1, 1948, and during
    that time a child was born to them, after
    which they continued to live in Lubbock, Tex-
    as.  During the entire time that he and his
    wife and child have lived here he has been
    employed in the City of Lubbock, under full
    time employment, and has thereby made a liv-
    ing for himself, his wife and child during
    that time.  At the time Jerry Shelby came to
    Texas, and at all times since, he has mani-
    fested by expressions and overt acts that
    Lubbock is his home and place of permanent
    residence and domicile.  He is now and has
    been during his married life supporting him-
    self, his wife and child, without any assis-
    tance from anyone.

"The mother and father of Jerry Shelby live in the State of Oklahoma and are domiciled there. Neither contribute to the support of Jerry Shelby nor his family.

"Jerry Shelby desires to enroll in Texas Technological College in September of 1949, as a Freshman student, and maintains that he has the right and privilege of registration as a student in this college upon his paying the 'resident' registration fee, and without having to pay the 'non-resident' registration fee."

Your question is: Under the facts submitted, is this student classified as a non-resident student under Article 2654c, Vernon's Civil Statutes?

Article 2654c, Vernon's Civil Statutes, provides in part as follows:

"(a) A nonresident student is hereby defined to be a student of less than twenty-one (21) years of age, living away from his family and whose family resides in another State, or whose family has not resided in Texas for the twelve (12) months immediately preceding the date of registration; . . .

"(b) The term 'residence' as used in this Act means 'domicile'; . . ."

It is stated in 31 Texas Jurisprudence 1319, Parent and Child, Sec. 47 that:

"Though there is no statute so providing, the marriage of a minor son also emancipates him, for the law imposes upon a husband the duty of supporting his wife and family, and for such purpose all his earnings are primarily to be devoted. The son's obligation in such a case is to his own family, rather than to his parents.

"Parents may and frequently do consent to the emancipation of children who are old enough to care for themselves. The intention to emancipate need not be expressed,

but may be inferred from the conduct of the parents and the surrounding circumstances.

"Where there has been a complete emancipation or a renunciation of parental rights, a minor child occupies the same relation to the parents as if he had arrived at full age."

Also in 23 Texas Jurisprudence 14, Husband and Wife, Sec. 4, it is stated that:

"The family group had its origin with the first pair. In legal contemplation 'family' is not always synonymous with 'husband and wife,' but it most usually is so."

In the same volume at page 18 we find the following:

"We have just seen that the husband, as head of the family, may select the family domicile."

In Stumberg, Conflict of Laws, pp.44-45, we find the following:

"It is frequently stated that an emancipated child may acquire a domicil separate from that of its parents. . . It would seem that in any case in which a child is 'on his own' and independent of his parents, he should be able to acquire a domicil of his own, particularly if he has attained years of discretion. So, it has also been held that a child upon his marriage sufficiently passes from parental control to permit acquisition of a separate domicil, although there are cases to the contrary. . ."

Although the general rule is that the domicile of a minor is that of his parents, we believe such rule is not applicable to the instant case. Here we have a married minor who has a family of his own and who has by his own acts terminated the family relationship with his parents, and he has been living with his own family in Texas for more than twelve months.

Since the minor in question has acquired a family of his own, it is our opinion that under the facts presented such minor is not to be classified as a nonresident of the State of Texas within the meaning of said Article.

## SUMMARY

A minor who is married and has been living in Texas with his wife and son for the past twelve months, and whose parents are residents of Oklahoma, is not to be classified as a nonresident within the meaning of Article 2654c, Vernon's Civil Statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BA:bh:mw

By _Bruce Allen_
Bruce Allen
Assistant

APPROVED

_Joe R. Greenhill_
FIRST ASSISTANT
ATTORNEY GENERAL